In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00426-CR
_____

NICODIA DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 14-18777

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, appellant Nicodia Davis pleaded guilty to felony forgery. *See* Tex. Penal Code Ann. § 32.21 (West Supp. 2018).[1] The trial court found Davis guilty, deferred adjudication of guilt, placed Davis on community supervision for five years, and assessed a $1,000 fine. Subsequently, the State filed

---

[1] We cite current statutes as amendments after Davis's offense do not affect our disposition.

a motion to revoke Davis's community supervision alleging five violations of his terms of community supervision. Davis pleaded "true" to two of the alleged violations of the terms of the community supervision order, and after a hearing, the trial court also found the evidence sufficient to find that Davis committed the offense of terroristic threat in violation of the terms of his community supervision. The trial court found that Davis violated three of the terms of the community supervision order, revoked Davis's community supervision, and found him guilty of the underlying offense. After a punishment hearing, the trial court assessed four years' confinement in the Texas Department of Criminal Justice – Institutional Division. Davis filed a notice of appeal.

Davis's appellate counsel filed a brief that presents counsel's professional evaluation of the record, and he concludes the appeal is frivolous and without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We notified Davis of his right to file a pro se brief, but we have not received a response from Davis.

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have independently

2

examined the entire appellate record in this matter. We conclude that no reversible error exists, no arguable issues support an appeal, and this appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *see also Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015) ("A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). However, because the trial court failed to include in the judgment that it found count three "true," we modify the "Findings as to Allegations in Motion to Adjudicate" portion of the trial court's written judgment by deleting "True to count(s) 4 & 5" and insert "True to count(s) 3, 4 & 5[.]" *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (noting courts of appeals have authority to modify a judgment). As modified, we affirm the trial court's judgment.[2]

---

[2] Davis may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

3

AFFIRMED AS MODIFIED.

_____
LEANNE JOHNSON
Justice

Submitted on August 14, 2019
Opinion Delivered August 28, 2019
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.